UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| STOUT RISIUS ROSS, LLC, | |
|---|---|
| Plaintiff, | Case No. 21-cv-04412-ER |
| vs. | |
| ASPEN SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

# REPLY TO DEFENDANT ASPEN'S COUNTER STATEMENT IN RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Daniel J. Healy, Esq. (DH-7396)
**Anderson Kill L.L.P.**
1717 Pennsylvania Avenue, N.W., Ste. 200
Washington, D.C. 20006
(202) 416-6500

John M. Leonard, Esq. (JL-2015)
**Anderson Kill P.C.**
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

*Attorneys for Plaintiff Stout Risius Ross, LLC*

Pursuant to Local Civil Rule 56.1, Plaintiff Stout Risius Ross, LLC ("Stout") sets forth the following Reply in Response to Aspen Specialty Insurance Company's ("Aspen") Counter Statement in Response to Stout's Local Rule 56.1 Statement in Support of Stout's Motion for Partial Summary Judgement ("ACS").

## I. ASPEN CONCEDES THAT MANY FACTS ARE UNDISPUTED

Aspen does not dispute numerous facts set forth in Stout's 56.1 Statement. *See* ACS ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 31, 34, 36, 38, 39, 40, 41, 42, 46, 47, 48, 49, 50 and 51. Accordingly, the Court should adopt these facts as undisputed for purposes of this motion. *See* Local Civil Rule 56.1(c).

## II. ASPEN IMPROPERLY ATTEMPTS TO CONTROVERT STOUT'S STATEMENT OF FACTS WITH INADMISSIBLE EVIDENCE

Under Local Civil Rule 56.1(d), statements controverting any fact must be followed by a citation to evidence which would be admissible as set forth by Fed. R. Civ. P. 56(c). Accordingly, a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record." *See* Fed. R. Civ. P. 56(c)(1)(A). Here, rather that controverting Stout's factual assertions with citations to the record, Aspen improperly relies upon extrinsic evidence. *See* ACS ¶¶ 23, 38 and 43. For the reasons set forth below, Aspen does not succeed in raising a genuine dispute as to any of these facts.

> **23.** **Stout was not named, or joined, as a party in the Brundle Action and no allegations were made against Stout in the Brundle Action. *See* Wilmington Complaint, Healy Decl. Ex. 1 at ¶ 44; Complaint, ECF Doc. No. 1 at ¶¶ 19-21.**
>
> Aspen's Response: *Aspen objects to SOF No. 23 as unsupported by admissible evidence. Allegations in Stout's complaint are not admissible evidence. See Liles v N.Y.C. Dep't of Educ., 516 F. Supp. 2d 297, 308 (S.D.N.Y. 2007) ("Plaintiff fails to provide citations to admissible evidence for the facts he claims are undisputed, as required by Local Rule 56.1(d). Instead of submitting such evidence, Plaintiff improperly cites to the allegations of his Complaint."). Furthermore, the citation*

2

*to the Wilmington Complaint does not support SOF No. 23. Giannullo v. City of N.Y., 322 F.3d 139, 142-43 (2d Cir. 2003) (unsupported facts in moving party's Local Rule 56.1 statement disregarded). Subject to and without waiving those objections, Aspen does not dispute that Stout was not named or joined as a party in the Brundle Action. Aspen disputes the statement that "no allegations were made against Stout in the Brundle Action." As reflected by the opinions issued in the Brundle Action, the allegations in that action implicated Stout's conduct. See Brundle on behalf of Constellis Emp. Stock Ownership Plan v. Wilmington Tr. N.A., 241 F. Supp. 3d 610 (E.D. Va. 2017), aff'd, 919 F.3d 763 (4th Cir. 2019).*

**STOUT'S REPLY**: Aspen cites inadmissible evidence to controvert facts directly supported by the Wilmington Complaint. The *Brundle* decision was not attached to or incorporated into Wilmington's Complaint and cannot be considered in determining Aspen's duty to defend. *See Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 66 (1991). Aspen concedes that "Stout was not named or joined as a party in the Brundle Action." *See* ACS No. 23. Further, Aspen admits that the Wilmington Complaint did not attach the *Brundle* decision. *See* ACS No. 31. And Aspen itself asserts that any reference to the *Brundle* decision in Stout's complaint does not constitute admissible evidence. *See* ACS No. 23 (citing *Liles v. N.Y.C. Dep't of Educ.*, 516 F.Supp.2d 297, 308 (S.D.N.Y. 2007)). Accordingly, Aspen does not genuinely dispute this fact or provide admissible evidence to controvert the assertion.

38. **The Wilmington Complaint contains no allegations that Stout knew or should have known at any point prior to the Policy's Knowledge Date that its valuation services could have led to a claim against it.** *See* **Wilmington Complaint, Healy Decl. Ex. 1; Complaint, ECF Doc. No. 1 at ¶ 50.**

    Aspen's Response: *Undisputed that the Wilmington Complaint does not mention the Policy or its Knowledge Date, which are not at issue in that action. (See Healy Decl., Wilmington Compl., Ex. 1.) Otherwise, disputed. The facts alleged in the Wilmington Complaint establish that Stout knew or could have reasonably foreseen that a Claim might be asserted prior to the Knowledge Date. (See id.)*

    **STOUT'S REPLY**: Aspen concedes that the Wilmington Complaint does not mention the Policy or its Knowledge Date and fails to cite admissible evidence to controvert the other asserted facts. Rather, Aspen makes legal conclusions based on unsubstantiated opinions. *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona,* 138 F. Supp. 3d 352, 394 (S.D.N.Y. 2015), aff'd, 945 F.3d 83 (2d Cir. 2019). Aspen's general cite to the Wilmington Complaint does not identify any allegation contrary to Stout's factual statement and does not address any specific allegations supporting its legal conclusion.

43. **Stout has complied with all conditions precedent to coverage.** *See* **Complaint, ECF Doc. No. 1 at ¶ 36.**

Aspen's Response: *Disputed as unsupported by admissible evidence. Aspen further objects to this fact as unsupported by admissible evidence. Allegations in Stout's complaint are not admissible evidence. See Liles, 516 F. Supp. 2d at 308; see also Giannullo, 322 F.3d at 142-43. Subject to and without waiving that objection, Aspen further disputes SOF No. 43 because Stout has not complied with, at a minimum, the condition for coverage under which Stout must not have known or reasonably foreseen that a Wrongful Act or Interrelated Wrongful Act might give rise to a Claim prior to September 1, 2019. (Clifford Decl., Ex. 1 at Insuring Agreements, Item D; Healy Decl., Wilmington Compl., Ex. 1); Brundle, 241 F. Supp. 3d 610.*

**STOUT'S REPLY**: Aspen cites inadmissible evidence. The *Brundle* decision was not attached to or incorporated into Wilmington's Complaint and cannot be considered in determining Aspen's duty to defend. *See Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 66 (1991). Aspen concedes that the *Brundle* decision was not attached to the Wilmington Complaint. And Aspen itself asserts that reference to the *Brundle* decision in Stout's complaint constitutes inadmissible evidence. *See* ACS No. 43 (citing *Liles v. N.Y.C. Dep't of Educ.*, 516 F.Supp.2d 297, 308 (S.D.N.Y. 2007)). Further, nothing in Aspen's response factually controverts the asserted facts. Accordingly, Aspen's objection is unsupported.

### III. ASPEN FAILS TO GENUINELY DISPUTE STOUT'S ASSERTED STATEMENTS OF FACT

Stout responds below to select Aspen responses that misconstrue the record or evidence cited. *See* ACS No. 31, 35, 37, 39, 42, 44, 47, 49, 51, 52, and 53. For the reasons set forth as follows, Aspen does not succeed in raising a genuine dispute as to any of these facts. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008) (merely because the response uses the word "disputed" is not enough to demonstrate a genuine dispute sufficient to defeat summary judgment).

**31. On June 22, 2020, Wilmington filed the operative complaint in this action, with specific allegations against Stout. The complaint did not attach the decision in the Brundle Action. *See* Wilmington Complaint, Healy Decl. Ex. 1.**

Aspen's Response: *Disputed that Wilmington's complaint is the operative complaint in this action; it is the operative complaint in the Wilmington Action. (Healy Decl., Wilmington Compl., Ex. 1.) Undisputed that the Wilmington Complaint did not physically attach the decisions in the Brundle Action, but*

4

*instead referenced those decisions through use of citations to the reported decisions. (Id. ¶¶ 7, 85, 86).*

**STOUT'S REPLY:** Aspen does not genuinely dispute the asserted facts. The duty to defend turns upon the allegations contained in the Wilmington Complaint and that complaint did not attach or incorporate the *Brundle* decision. *See Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 65 (1991). Therefore, Aspen's objection should be disregarded.

35. **The causes of action in the Wilmington Complaint constitute Claims under the Policy.** *See* **Clifford Decl., Ex. 1 at Definition B, Claim.**

    Aspen's Response: *Disputed as unsupported by the cited evidence. Giannullo, 322 F.3d at 142-43. The Policy defines "Claim" but does not refer to any specific causes of action or claims. (See Clifford Decl., Ex. 1 at Definition B, Claim.) Aspen further objects to this as a conclusion of law, not a statement of fact. See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, 138 F. Supp. 3d 352, 394 (S.D.N.Y. 2015), aff'd, 945 F.3d 83 (2d Cir. 2019) ("the Court can also disregard legal conclusions or unsubstantiated opinions in a Local Rule 56.1 statement").*

    **STOUT'S REPLY:** Aspen does not genuinely dispute this fact. Aspen fails to controvert the asserted facts with a citation to admissible evidence or any fact. At most this is a reservation of rights. Aspen's objection to the statement as a legal conclusion has no effect on the factual assertion.

37. **The Wilmington Complaint does not allege that Stout was a fiduciary or has any liability under ERISA.** *See* **Wilmington Complaint, Healy Decl. Ex. 1.**

    Aspen Response: *Disputed. The Wilmington Complaint alleges that "Stout owed Wilmington a duty of reasonable care and a fiduciary duty." (Healy Decl., Wilmington Compl., Ex. 1 ¶ 102.)*

    **STOUT'S REPLY**: Aspen does not genuinely dispute this fact. The Wilmington Complaint does not allege that Stout was an ERISA fiduciary or that Stout has any liability under ERISA. *See* Wilmington Complaint, Healy Decl., Ex. 1. Aspen does not provide evidence to the contrary.

39. **Wilmington Complaint alleges that in the course of providing valuation services to Wilmington, in Wilmington's capacity as an ERISA trustee for an ESOP, Stout breached contractual obligations that it owed Wilmington, including failing to use appropriate valuation methodologies in reaching a valuation opinion and failing to perform its services with reasonable care in a professional, diligent, and competent manner.** *See* **Wilmington Complaint, Healy Decl. Ex. 1 at ¶¶ 93 – 95.**

Aspen's Response: *Disputed that the referenced allegations in the Wilmington Complaint refer to "Wilmington's capacity as an ERISA trustee for an ESOP." (Wilmington Complaint, Healy Decl. Ex. 1 at ¶¶ 93 – 95.) Otherwise, undisputed that SOF No. 39 generally summarizes the referenced allegations in the Wilmington Complaint.*

**STOUT'S REPLY:** Aspen does not and cannot genuinely dispute the asserted fact that Wilmington alleged it served as an ERISA trustee for the ESOP. *See* Wilmington Complaint, Healy Decl. Ex. 1 at ¶ 1. The Wilmington Complaint specifically states that "Wilmington served as the ESOP's trustee." *See id*.

42. **Wilmington paid the judgment for which it seeks contribution on August 23, 2019. Wilmington's cause of action for contribution, therefore, did not fully accrue until August 23, 2019, nine (9) days before the Knowledge Date. *See* Wilmington Complaint, Healy Decl. Ex. 1 at ¶ 87.**

    Aspen's Response: *Undisputed that Wilmington alleges it had satisfied the judgment for which it seeks contribution from Stout by August 23, 2019. The remainder of SOF No. 42 is disputed as unsupported by the cited evidence. Aspen further objects to the remainder of SOF No. 42 as a conclusion of law, not a statement of fact, and as unsupported by the cited evidence. See Giannullo, 322 F.3d at 142-43; see also Congregation Rabbinical Coll. of Tartikov, Inc., 138 F. Supp. 3d at 394.*

    **STOUT'S REPLY**: Aspen fails to support its objection with admissible evidence. As Aspen concedes, on August 23, 2019, Wilmington alleges that it "had fully satisfied the judgment" for which it seeks contribution from Stout. *See* Wilmington Complaint, Healy Decl. Ex. 1 at ¶ 87. Accordingly, Wilmington's cause of action for contribution could not have accrued until at least August 23, 2019. Aspen may be correct in that other contingencies may not have been met for the cause of action to accrue until a time after August 23, 2019.

44. **On October 31, 2019, Wilmington sent a draft tolling agreement (the "Tolling Agreement") to Stout, which in part purported to toll "any applicable statutes of limitation governing the filing of any claim or cause of action relating to or arising out of the relationships or transactions or dealings" between Stout and Wilmington. *See* Clifford Decl. at ¶ 2.**

    Aspen's Response: *Disputed but Aspen cannot present facts essential to justify its opposition because these facts are exclusively within Stout's custody and control and there has been no discovery in this action. September 29, 2021 Declaration of T. Carter White ("White Decl.") ¶¶ 3-5. If the Court believes SOF No. 44 is material to its decision, Aspen requests the opportunity to take discovery on this issue before the Court rules on Stout's Cross Motion for Partial Summary Judgment.*

**STOUT'S REPLY:** Aspen fails to present specific reasons as to why it cannot present facts essential to justify its opposition pursuant to Fed. R. Civ. P. 56(d). To the contrary, Aspen is in possession of the October 31, 2019 Tolling Agreement which was provided to Aspen by Stout on November 8, 2019. *See* Clifford Decl. at ¶ 2. Therefore, the assertion by Aspen that these facts are exclusively in Stout's custody and control is incorrect.

47. **On November 12, 2019, Wilmington filed a Summons with Notice in New York State Supreme Court that did not contain any specific allegations against Stout.** *See* **Clifford Decl. at ¶ 4.**

    Aspen's Response: *Undisputed for purposes of this motion that, on November 12, 2019, Wilmington filed a Summons with Notice in New York State Supreme Court that stated, inter alia, "[t]his action arises from valuation, advisory, and other professional services rendered by Defendant in or about 2013 and thereafter, in connection with an employee stock ownership plan for Constellis Group, Inc. Plaintiff asserts causes of action for negligence, contribution under CPLR Article 14, and breach of the parties' contract signed October 24 and October 25, 2013." Disputed to the extent SOF No. 47 implies that Wilmington did not, at that time, make any specific allegations against Stout, as Wilmington concurrently provided Stout with a draft complaint that contained specific allegations against Stout that were materially identical to those contained in the Wilmington Complaint (the "Wilmington Draft Complaint"). (See Compl. ¶ 39, ECF Doc. No. 1.)*

    **STOUT'S REPLY:** Aspen misconstrues the facts asserted by Stout. As such, this Court should adopt the asserted facts as set forth by Stout as undisputed by Aspen, without regard to Aspen's attempt to expand the statement. *See Goldstick v. The Hartford, Inc.*, No. 00 Civ. 8577 (LAK), 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (a party should not "spin" the impact of the facts).

49. **In correspondence dated February 4, 2020, prior to the filing of the Wilmington Complaint, Aspen denied coverage under the Policy, citing the Policy's Knowledge Date as the basis for its denial and raising Stout's responses in its application for coverage as potential grounds for denying coverage.** *See* **Clifford Decl. at ¶ 6.**

    Aspen's Response*: Aspen objects to SOF No. 49 as unsupported by the cited evidence. Giannullo, 322 F.3d at 142-43. Subject to and with waiving that objection, undisputed that, on February 4, 2020, Aspen sent a letter to Stout in which it stated that it had "preliminary determined that coverage is not available for this matter due to the application of the Aspen policy's prior knowledge provision." Aspen also reserved its right to deny coverage on other grounds, including based on Stout's responses in its application for coverage. The February 4, 2020 letter summarized, inter alia, the allegations contained in the*

7

*Wilmington Draft Complaint, which set forth Wilmington's allegations as later contained in the Wilmington Complaint.*

**STOUT'S REPLY:** Aspen does not provide any factual evidence to controvert the asserted facts. Rather, Aspen directly supports Stout's asserted facts. As such, this Court should adopt the facts as undisputed.

51. **Stout and Aspen participated in non-binding mediation, which was held on February 16, 2021, and did not resolve the coverage dispute. Ninety days after the termination of the mediation, Stout commenced this lawsuit.** *See* **Healy Decl. at ¶ 5.**

    Aspen's Response: *Undisputed that Stout and Aspen participated in non-binding mediation, which was held on February 16, 2021, and did not resolve the coverage dispute. Disputed that Stout commenced this lawsuit "after ninety (90) days has passed from the termination of the mediation," as required under the Policy. (Clifford Decl., Ex. 1 at General Conditions, Item L; see generally Compl., ECF Doc. No. 1.)*

    **STOUT'S REPLY:** The evidence cited by Aspen does not controvert the asserted facts, it supports them. General Conditions, Item L of the Policy provides that the "insured may commence a judicial proceeding or binding arbitration proceeding after ninety (90) days has passed from the termination of mediation." *See* Clifford Decl., Ex. 1 at General Conditions, Item L. As Aspen noted, it is undisputed that mediation was held on February 16, 2021. *See* Healy Decl. at ¶ 5. This lawsuit was filed on May 17, 2021. *See* ECF Doc. No. 1.

52. **Due to Aspen's denial of coverage, Stout has borne all costs and fees of its own defense to date in the Wilmington Action and will incur substantial additional costs, fees, and expenses going forward.** *See* **Clifford Decl. at ¶ 7.**

    Aspen's Response: *Disputed but Aspen cannot present facts essential to justify its opposition because these facts are exclusively within Stout's custody and control and there has been no discovery in this action. White Decl. ¶¶ 3-5. If the Court believes SOF No. 52 is material to its decision, Aspen requests the opportunity to take discovery on this issue before the Court rules on Stout's Cross Motion for Partial Summary Judgment.*

    **STOUT'S REPLY:** Aspen does not genuinely dispute this fact or present specific reasons it cannot present facts essential to justify its opposition pursuant to Fed. R. Civ. P. 56(d). Aspen concedes it denied Stout coverage under the Policy. *See* Clifford Decl. at ¶ 6; ACS No. 49. The denial of coverage and the ongoing nature of the Wilmington Action support the factual assertion that Stout has and continues to bear the costs and fees of its own defense. *See id.*; Wilmington Complaint, Healy Decl., Ex. 1.

8

**53.**  **In addition, Stout has borne all costs, fees, and expenses of attempting to persuade Aspen to honor its coverage obligations, including in the mediation, and in this action. Stout will incur substantial additional costs, fees, and expenses going forward.** *See* **Clifford Decl. at ¶ 8.**

Aspen's Response: *Disputed but Aspen cannot present facts essential to justify its opposition because these facts are exclusively within Stout's custody and control and there has been no discovery in this action. White Decl. ¶¶ 3-5. If the Court believes SOF No. 53 is material to its decision, Aspen requests the opportunity to take discovery on this issue before the Court rules on Stout's Cross Motion for Partial Summary Judgment.*

**STOUT'S REPLY:** Aspen does not genuinely dispute this fact or present specific reasons it cannot present facts essential to justify its opposition pursuant to Fed. R. Civ. P. 56(d). Aspen concedes it denied coverage to Stout. *See* Clifford Decl. at ¶ 6; ACS No. 49. The denial of coverage and the ongoing nature of this action support the factual assertion that Stout has and continues to bear the costs and fees of its own defense. *See id.*

Dated: New York, NY
October 6, 2021

ANDERSON KILL
By: */s/ Daniel J. Healy*
Daniel J. Healy, Esq. (DH-7396)
1717 Pennsylvania Avenue, N.W., Ste. 200
Washington, D.C. 20006
(202) 416-6500

John M. Leonard, Esq. (JL-2015)
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

*Attorneys for Plaintiff*
*Stout Risius Ross, LLC*